IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

      Plaintiff,                        No. CIV S-06-1934 FCD GGH P

   vs.

WARDEN RUNNELS, et al.,

      Defendants.             ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Following the court's order that plaintiff file an in forma pauperis affidavit or pay the required filing fee, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names as defendants Warden Runnels, Governor Schwarzenegger, and

Assemblyman Tim Leslie. Plaintiff complains that when High Desert State Prison is on lockdown, the food is served cold because chow carts rolled from the kitchen to the cells do not keep food warm, possibly due to a lack of insulation. Plaintiff seeks as relief that the court lift the "ban" on tobacco, offering to "retract" both this case and Case No. 06-1413 MCE CMK P, should the court lift the so-called ban. Should the court fail to lift the tobacco prohibition, plaintiff intends to proceed in a class action (whether as to the tobacco issue or the food temperature claim or both is not clear). Plaintiff claims to have lost weight and gone hungry often and that cold food is hard to digest and "does not stay with you when you do eat it." Plaintiff seeks to have an injunction not only lifting the tobacco ban but also requiring food to be served at the correct temperature. Plaintiff states to this court that he "can keep quiet if ban on tabbacco [sic] is lifted...." stating that he will buy heated chow carts from money from the "Jackshaft Primary Case Transmission" and will "take care of the medical problem." Complaint, p. 4.

Plaintiff's claims with regard to food temperature appear to be disingenuous based on his inappropriate offers to drop such a claim should this court intervene and prohibit prison smoking regulations. The court takes judicial notice[1] that in a prior case against the same three defendants, plaintiff's action has been summarily dismissed:

> Plaintiff's allegations are not colorable. The actions of prison officials in banning tobacco cannot possibly be an Eighth Amendment or Fourteenth Amendment violation. Indeed, if there is any constitutional right implicated in the tobacco-smoking in prison context, it would appear to be the right of inmates to be free of the deleterious impact of environmental tobacco (ETS) smoke on their health. Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481 (1993) (inmate plaintiff states a cause of action under the Eighth Amendment by alleging defendant prison officials have, with deliberate indifference, exposed him to ETS levels that pose an unreasonable risk of serious damage to his future health).

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

> In addition, plaintiff has apparently brought two other actions related to this same subject which have been previously dismissed. The first case, Larson v. Schwarzenegger, CIV S 05-0007 GEB PAN P was dismissed for plaintiff's failure to file an amended complaint, having failed initially to set forth colorable claims. The second case, Larson v. Schwarzenegger, CIV S 05-0364 MCE PAN P, was dismissed as duplicative.

Case No. CIV S 06-0940 GEB GGH P, Findings and Recommendations, filed on 10/31/06, p. 3. adopted by Order, filed on 1/9/07. That case, dismissed with prejudice, was also found to have been duplicative and an abuse of process. On the other hand, Case No. CIV S 06-1413 ALA,[2] a case, in addition to the instant one, with which plaintiff attempts to barter, is, according to court records, proceeding at this time.

Plaintiff's allegations with regard to meal temperature appear to be inherently pretextual, as the primary form of relief sought, access to tobacco, is wholly unrelated to cold food. Plaintiff's reference to taking care of the meal temperature problem himself by access to some source of revenue if the court only grants his smoking demands further underscores his claim's apparent disingenuousness. In addition, plaintiff may not circumvent a prior judgment against plaintiff with regard to the smoking issue.

The Eighth Amendment "requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1986). "Rather, the Eighth Amendment proscribes the 'unnecessary and wanton infliction of pain....'" Id. Nevertheless, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994). When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation...must be considered in determining whether a constitutional violation has occurred." Johnson, supra, at 731. Taken on its face, it is possible,

---

[2] This case was re-assigned to Judge Alarcon on July 2, 2007.

although not likely, that repeatedly serving food not kept heated may rise to the level of an Eighth Amendment violation.  An insufficient diet can constitute an Eighth Amendment violation. Divers v. Dept. of Corrections, 921 F.2d 191, 193-194 (8th Cir. 1990)(plaintiff alleged, inter alia, lockdown inmates "received insufficient amounts of cold unappetizing food prepared from a restricted menu which was delivered through unsanitary food slots in their cell doors.")   On the other hand, "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993) (citations omitted). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (quoting Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.1985), cert. denied., 475 U.S. 1096 (1986)).

     This complaint will be dismissed, but plaintiff will be given leave to amend. Plaintiff's claims with regard to being served food for long periods of time that has gone cold must not have the appearance of being completely pretextual or coupled with any claim regarding a smoking ban or constitute any attempt to improperly barter with the court as to other lawsuits brought by plaintiff.

     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 9/13/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
lars1934.bnf